MacCONAGHY & BARNIER, PLC
JOHN H. MacCONAGHY, State Bar No. 83684
JEAN BARNIER, State Bar No. 231683
645 First Street West, Suite D
Sonoma, CA 95476
Telephone: (707) 935-3205
E-mail: macclaw@macbarlaw.com

Attorneys for Trustee,
TIMOTHY W. HOFFMAN

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

SONOMA WEST MEDICAL CENTER,

Debtor.

Case No. 18-10665 RLE
(Chapter 7)

**MOTION FOR ORDER AUTHORIZING EXAMINATION PURSUANT TO BANKRUPTCY RULE 2004**
[TruBridge, LLC]

**TO THE HONORABLE ROGER L. EFREMSKY, UNITED STATES BANKRUPTCY JUDGE:**

Timothy W. Hoffman, the duly-appointed Chapter 7 Trustee in Bankruptcy of the Estate of Sonoma West Medical Center, respectfully requests an Order for Examinations pursuant to Bankruptcy Rule 2004 and, in support thereof, represents as follows:

1. On September 26, 2018, Debtor Sonoma West Medical Center, filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code. Thereafter, movant Timothy W. Hoffman, was duly appointed as the Chapter 7 Trustee in Bankruptcy for the Debtor's Estate.

2. As is set forth below, good cause exists to review the documents of TruBridge,LLC and its affiliates Computer Programs & Systems, Inc., dba CPSI, and Evident to investigate the status of the billing and collections of accounts receivable of the Debtor and related matters.

3. The Debtor operated a full service hospital and as such was subject to extremely complex billing procedures required by various health insurers and the entity administering medicare payments. To manage its billing, the Debtor entered into a "Master Services Agreement"

[6059.motion.2004.exam.trubridge.wpd]
PAGE 1

and various "Service Agreements" with TruBridge, LLC and its affiliates Computer Programs & Systems, Inc., dba CPSI, and Evident to code and track its billings and collections. As of the petition date, the Debtor scheduled $1,464,411.98 in collectible receivables.

4. The Trustee has not been able to collect any of these receivables and has entered into a "Medical Receivables Collection Agreement", subject to approval by this Court, with Sonoma Specialty Hospital ("SSH") who has the expertise to properly code and process these billings. However, the Trustee has been informed by SSH management that it is unable to provide these services to the Trustee absent review of financial information concerning the Debtor's receivables currently in the possession of TruBridge, LLC and its affiliates Computer Programs & Systems, Inc., dba CPSI, and Evident. The Trustee has been further informed that despite repeated requests, TruBridge, LLC has failed and refused to voluntarily turn over this information.

5. To complete his investigation into the Debtor's financial condition, and fully investigate Debtor's income, assets, and liabilities, the Trustee requires the production of the documents described in the Exhibit A attached hereto.

6. Upon issuance of a Rule 2004 Order for Examination by the Court, the Trustee will incorporate the attached Exhibit A into a subpoena for production of documents to the office of MacConaghy & Barnier, PLC, 645 First St. West., Suite D, Sonoma, CA 95476, for a date and time at least 20 days after the issuance of the Order.

WHEREFORE, the Trustee prays that the Court enter its Order for Examination of TruBridge, LLC and its affiliates Computer Programs & Systems, Inc., dba CPSI, and Evident and for such other and further relief as the Court deems proper.

Dated: February 3, 2019　　　　　　　　　MACCONAGHY & BARNIER, PLC

　　　　　　　　　　　　　　　　　　　　 /s/  John H. MacConaghy
　　　　　　　　　　　　　　　　　　　　John H. MacConaghy
　　　　　　　　　　　　　　　　　　　　Attorneys for Trustee,
　　　　　　　　　　　　　　　　　　　　*Timothy W. Hoffman*

EXHIBIT A TO MOTION FOR ORDER FOR EXAMINATION
*In re Sonoma West Medical Center*

## DEFINITION OF TERMS

As used herein, the following terms have the meaning and significance set forth below, unless otherwise specifically indicated:

1. <u>Document, writing</u>: The terms "document," "documents," "writing," or "writings" shall mean and include all documents, papers, books, accounts, letters, photographs, objects, emails, electronically recorded information, or tangible things, including, without limitation, all writings, **emails,** papers, drawings, graphs, charts, photographs, phonographs, other data compilations from which information can be obtained or translated (if necessary) into reasonably usable form, all items which embody any handwritten, typed, printed, oral, visual or electronic communication, representations, agreements, plans, blueprints, specifications, letters, carbon copies of letters, telegraphs, telexes, intra-corporate or intra-agency communications, minutes, bulletins, circulars, scripts, press releases, notes, instructions, advertisements, literature, books, magazines, newspapers, booklets, work assignments, reports, motion picture files, video tapes, kinescope, sound recordings, studies, analyses, comparisons, surveys, computer programs and data, accounts, financial statements, projections, position sheets, memoranda, memoranda of conversations, notes, notebooks, diaries, desk pads, logs, telephone bills and call records, data sheets, work sheets, analyses, calculations, drafts of the aforesaid, and shall include all addition to or alteration of any such documents, including, without limitation, marginal notes, stamps, interlineations, or comments.

2. <u>Debtor</u>: The term "Debtor" means Sonoma West Medical Center, its attorneys, and as appropriate, its predecessors, subsidiaries, divisions, affiliates, present and former officers, directors, members, partners, trustees, employees and agents, and all persons presently or formerly acting or purporting to act on its behalf or on the behalf of its subsidiaries, divisions, affiliates, or predecessors.

3. <u>You</u>: The term "You" means TruBridge, LLC, Computer Programs & Systems, Inc., dba CPSI, Evident, their attorneys, and as appropriate, their predecessors, subsidiaries, divisions, affiliates, present and former officers, directors, members, partners, trustees, employees and agents, and all persons presently or formerly acting or purporting to act on its behalf or on the behalf of its subsidiaries, divisions, affiliates, or predecessors.

4. <u>Master Services Agreement</u>: The term "Master Services Agreement" means that certain "Master Services Agreement for Sonoma West Medical Center", dated April 1, 2015, and all amendments, addenda, and supplements thereto.

5. <u>Service Agreements</u>: The term "Service Agreements" means those certain "Computer Programs & Systems, Inc. Service Agreements" dated April 1, 2015, and all amendments, addenda, and supplements thereto.

6. <u>Pertaining to, in connection with</u>: As used herein, "pertaining to" or "in connection with" means consisting of, summarizing, describing, or referring in any way to.

7. <u>Any, or, and</u>: As used herein, "any" should be understood to include and encompass "all"; "or" should be understood to include and encompass "and"; and "and" should be understood to include and encompass "or".

## INSTRUCTIONS FOR CLAIMS OF PRIVILEGE

If you claim that a document required to be produced is privileged, please designate each such document with a statement as to the type of privilege claimed and its basis and identify each person who has seen such document or to whom such was made available, whether nor not actually seen.

## INSTRUCTIONS FOR FORMATTING OF PRODUCTION

Pursuant to the provisions of F.R.Civ.P. 45(e), you are instructed to produce the documents set forth above in a reasonably usable form or forms, such as paper copies, Microsoft Office Suite, or Quickbooks. The documents may not be produced in a form requiring use of a specialty

software code not available to the Trustee.

## SCHEDULE OF DOCUMENTS TO BE PRODUCED

1. Any and all documents pertaining to any accounts receivable of the Debtor processed by YOU pursuant to the Master Services Agreement for the period from January 1, 2018 through the present time.

2. Any and all documents pertaining to any Accounts Receivable Management services performed by YOU pursuant to the Master Services Agreement for the period from January 1, 2018 through the present time.

3. Any and all documents pertaining to any Claims Eligibility services performed by YOU pursuant to the Master Services Agreement for the period from January 1, 2018 through the present time.

4. Any and all documents pertaining to any Medical Coding services performed by YOU pursuant to the Master Services Agreement for the period from January 1, 2018 through the present time.

5. Any and all documents pertaining to any reports or other client communications prepared by YOU pursuant to the Master Services Agreement for the period from January 1, 2018, through the present time.

6. Any and all documents pertaining to any reports or other communications between YOU and any third party concerning any account receivable claimed by the Debtor for the period from January 1, 2018, through the present time.